IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08–22–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL JOSEPH DIFRANCESCO, | |
| Defendant. | |

Before the Court is Defendant Michael Joseph Difrancesco's motion for early termination of supervised release. (Doc. 84.) Mr. Difrancesco seeks the premature termination of the remaining term of supervised release. (*Id.*) Both the United States and the probation office object. (Doc. 88.) A hearing on this matter was held on July 20, 2021. The Court will deny the motion.

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to

1

consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  Mr. Difrancesco began his ten-year term of supervised release on April 26, 2013, rendering him statutorily eligible for the premature termination of his remaining term of supervised release.  Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to  afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).  This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

Here, early termination would be improper.  Despite being sentenced over 11 years ago, and released from imprisonment in 2013, Mr. Difrancesco has not yet completed the required sex offender treatment program.   Under no plausible

interpretation of the relevant factors would early termination be justified until this obligation is fulfilled.  Additionally, Mr. Difrancesco's term of supervised release was recently revoked by this Court for unauthorized possession of a cell phone and tablet and for lying to his probation officer.  This conduct provides additional support for denial of Mr. Difrancesco's motion.

Accordingly, IT IS ORDERED that the motion (Doc. 84) is DENIED.

DATED this 20th day of July, 2021.

Dana L. Christensen, District Judge
United States District Court

3