IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOSEPH DIFRANCESCO,<br><br>Defendant. | CR 08–22–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Michael Joseph DiFrancesco's Rule 41(g) motion (Doc. 108) and the United States' motion for order allowing destruction of certain property. (Doc. 109.) DiFrancesco moves the Court for the return of property seized during a home visit by United States Probation Officers (USPOs). (*Id.*) The United States objects, arguing DiFrancesco has no individual interest in the property and that it has not exhibited "a callous disregard" for DiFrancesco's constitutional rights. (*Id.*) The United States also moves the Court to allow destruction of the property under 28 U.S.C. § 1651(a) ("the All Writs Act"). For the reasons stated herein, the Court denies DiFrancesco's motion and grants the United States' motion to destroy the property.

**I.   The Rule 41(g) motion.**

Federal Rule of Criminal Procedure 41(g) permits a person aggrieved by the

1

seizure of property to move the district court for its return. District courts retain jurisdiction to entertain motions to return property seized by the government even when there are no criminal proceedings pending against the defendant. *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). However, district courts must exercise "caution and restraint" before assuming jurisdiction because such "motions are treated as civil equitable proceedings." *Id.*

In order to entertain a Rule 41(g) motion on the merits, the "balance of equities [must] tilt[] in favor of reaching the merits." *Id.* at 326. In making this determination, the Court must consider whether: (1) "the government displayed a callous disregard for the constitutional rights of the movant;" (2) "the movant has an individual interest in and need for the property he wants returned;" (3) "the movant would be irreparably injured by denying return of the property;" and (4) "the movant has an adequate remedy at law." *Id*. at 324-35. Here, the balance of equities tilts in favor of the United States.

In this case, there are five items of property at issue: (1) one Galaxy A12 5 U # R58R429cclp (2) one Samsung tablet ce0168; (3) one white phone charger (4) one black phone charger; and (5) one set of black handcuffs. (Docs. 109 at 14; 109-2 at 2.) DiFrancesco only provides argument regarding the electronic devices, so the Court will not address the handcuffs separately and instead order them destroyed.

2

Turning to the first factor—callous disregard for constitutional rights—DiFrancesco does not challenge the validity of the search in question. The USPOs visited DiFrancesco's residence on May 19, 2021 and found the property at issue. (Doc. 109-2 at 1.) DiFrancesco does not dispute the lawfulness of the actions taken by the USPOs on the day in question. Indeed, the home visit and subsequent search was performed in explicit compliance with the conditions of DiFrancesco's supervised release. Accordingly, in this instance, the United States has not demonstrated a "callous disregard" for DiFrancesco's constitutional rights.

As to the second factor—DiFrancesco's interest in and need for the property—a defendant has no interest in or need for the unlawfully possessed property. *United States v. Kaczynski*, 551 F.3d 1120, 1129 (9th Cir. 2009). This includes derivative contraband, which is otherwise innocuous property "utilized or intended to be utilized for illegal purposes." *United States v. McCormick*, 502 F.2d 281, 288 (9th Cir. 1974). The cell phone and tablet are contraband because DiFrancesco possessed them in direct violation of the conditions of his supervised release. Although the phone chargers do not violate the conditions in and of themselves, they classify as derivative contraband because DiFrancesco utilized or intended to utilize them for an illegal purpose to facilitate his use of the contraband property. In short, DiFrancesco does not have an individual interest in or need for

either the per se contraband (the phone and tablet) or the derivative contraband (the chargers). *See Kaczynski*, 551 F.3d at 1129.

Turning to the third factor—irreparable injury—DiFrancesco argues he is being irreparably injured because he has continued to pay for the electronic devices. (Doc. 108 at 4.) However, DiFrancesco cannot claim irreparable injury for expenses incurred in purchasing digital devices expressly prohibited by the conditions of his supervised release. DiFrancesco has not suffered any irreparable injury.

As to the fourth element—adequate remedy at law—DiFrancesco does not claim he lacks an adequate remedy at law. Absent any argument to the contrary, the Court has no basis to weigh this factor in his favor.

Having weighed the requisite factors, the Court concludes that the balance of the equities does not favor reaching DiFrancesco's motion on the merits.

Even if the balance of equities favored DiFrancesco (which it does not), he fails on the merits of his Rule 41(g) motion. To prevail, DiFrancesco must demonstrate that: "(1) he is entitled to lawful possession of the seized property, (2) the property is not contraband, and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987). At their core, Rule 41(g)

motions remain "predicated on… a showing of the right to possession." *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 855 (9th Cir. 1991).

DiFrancesco fails to show a right to possession of the seized electronic devices because he possessed the property in violation of the conditions of his supervised released. (*See* Doc. 99 at 1.) He knowingly and purposely sought possession of the items and lied to the USPOs in direct violation of the conditions of his supervised release. DiFrancesco does not allege the USPOs illegally seized the property. The Court will not encourage or reward the furtherance of illegal activity by returning the property to "unclean hands." *See Kaczynski*, 551 F.3d at 1129. Further, the Court declines to have the items returned to DiFrancesco's designee or family member. *See id*. at 1130.

As mentioned above, the electronic devices at issue constitute both per se contraband and derivative contraband. The Galaxy cell phone and Samsung tablet qualify as contraband because DiFrancesco possessed the items in violation of his supervised release conditions. Although the phone chargers prove innocent in of themselves, DiFrancesco possessed them with the illegal purpose to facilitate the use of the cell phone and tablet. *See McCormick*, 502 F.2d at 288.

Finally, the electronic devices are no longer needed for evidentiary purposes because the revocation proceedings stemming from their seizure has been fully adjudicated. (Docs. 45, 99). The Government has provided "a legitimate reason"

to retain the property, *Kaczynski*, 551 F.3d at 1129, because the seized property is contraband. (Doc. 109 at 10-12.) Based on the foregoing, the Court will deny DiFrancesco's Rule 41(g) motion.

## II. The Government's All Writs Act Motion.

The All Writs Act authorizes "courts established by Act of Congress… [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). If a statute does not specifically address "the particular issue at hand," the All Writs Act operates as "a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). Under the All Writs Act, courts have authorized the United States to destroy firearms seized during a criminal investigation when there is no claim of lawful possession. *See United States v. Roberts*, 322 F. App'x. 175, 176-77 (3d Cir. 2009) (unpublished); *see also United States v. Smith*, 142 F. App'x. 100, 102 (3d Cir. 2005) (unpublished).

As the United States concedes, no statute specifically controls destruction of the property at issue. DiFrancesco has no lawful entitlement to the electronic devices because he remains subject to digital device restrictions as part of his supervised release conditions. DiFrancesco cannot lawfully possess these items for at least another four years. Therefore, the United States Probation Office has a

legitimate reason to retain and destroy the property because DiFrancesco obtained these items in direct violation of the Court's orders. As a final matter, the handcuffs will be included in the destruction of property because DiFrancesco does not expressly contest their destruction.

Accordingly, IT IS ORDERED that DiFrancesco's motion (Doc. 108) is DENIED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1651(a), the (1) Galaxy A12 5 U # R58R429cclp; (2) Samsung tablet ce0168; (3) white phone charger; (4) black phone charger; and (5) black set of handcuffs, may be destroyed by the United States Probation Office.

DATED this 29th day September, 2021.

_____
Dana L. Christensen, District Judge
United States District Court